■ Belle Le Tarte et al., Appellants, v. State of New York, Respondent. (Claim No. 31372.) — Claimants appeal from a judgment of the Court of Claims, which dismissed their claim on the merits after a trial. Claimant Belle Le Tarte was injured when she fell on a sidewalk in the Village of Ossining, N. Y., on August 10, 1951. Approximately three and one-half years prior thereto the State had removed a metal post supporting a highway marker from the sidewalk at a point near the curb and directly in front of the doorway of the Village Pharmacy. It is the contention of claimants that Mrs. Le Tarte caught her heel in the hole resulting from the removal of the post, and that the State was negligent in failing to properly fill and repair the hole. It is not disputed that a hole or depression existed at the point in question approximately five by eight inches in length and width and from one inch to one and three-quarters inches in depth. However, there is circumstantial evidence in the record which would justify an inference that Mrs. Le Tarte did not fall at the site of this hole, but at a point some distance therefrom. The Court of Claims has found from the evidence that claimant " has failed to establish to the satisfaction of the Court by a fair preponderance of the credible evidence that she was caused to fall by reason of the hole or depression in front of the drug store ". An employee of the State Department of Public Works testified that on the day the post was removed he filled the hole with gravel, sand and a wet concrete mix and covered the patch with a box. Later in the day he returned, removed the box and found the patch sufficiently hard to walk upon. The State was under no general duty to maintain the sidewalk or to keep it in repair, even at the site where the post had been removed, if the hole was properly repaired in the first instance. After a lapse of three and one-half years many other causes of the sidewalk's condition may have intervened, and the duty of others to repair may have arisen. In any event, the Court of Claims has found: " Upon the evidence it cannot be said that the work of filling in the hole was not properly or adequately performed." We think both of the questions mentioned above were open questions of fact. Claimants seem to argue on this appeal that a recovery would be legally sustainable. Even if this be so, the trier of the facts was not bound to find that the accident was the result of the negligence of the State, and we may not reverse unless the decision is against the weight of evidence. (See *Eason* v. *State of New York*, 280 App. Div. 358.) Upon this record the decision may not be said to be against the weight of evidence, and the factual determination of the court below should stand. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [205 Misc. 1035.]